**Adrian, Inc. v. Parrott**
*[Cite as 8 AOA 207]*

*Case No. 90-CA-31*
*Delaware County, (5th)*
*Decided November 30, 1990*

*Fred J. Milligan, Jr., 483 Dempsey Road, Westerville, Ohio 43081, for Plaintiff-Appellant.*

*W. Duncan Whitney and George E. Lord, 15 W. Winter St., Delaware, Ohio 43015, for Defendants-Appellees.*

GWIN, J.

Plaintiff-appellant, Adrian, Inc. (appellant) appeals from the judgment entered in the Delaware County Court of Common Pleas wherein the court dismissed appellant's administrative appeal for failure to file a supersedeas bond under R.C. §2505.06.[1] Appellant assigns the following as error:

*"ASSIGNMENT OF ERROR NO. I.*
"THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S ADMINISTRATIVE APPEAL FOR FAILURE TO FILE A SUPERSEDEAS BOND BECAUSE NO BOND IS REQUIRED IN AN APPEAL ON QUESTIONS OF LAW.
*"ASSIGNMENT OF ERROR NO. II.*
"IF AN APPEAL ON QUESTIONS OF LAW AND FACT IS NOT EFFECTIVE BE-
CAUSE OF FAILURE TO FILE A SUPERSEDEAS BOND, THE CASE MUST BE HEARD AS AN APPEAL ON QUESTIONS OF LAW. THEREFORE, IT WAS ERROR TO DISMISS THE CASE.

*"ASSIGNMENT OF ERROR NO. III.*
"FAILURE TO FILE A SUPERSEDE AS BOND PURSUANT TO SECTION 2505.06, R.C. IS NOT JURISDICTIONAL, AND IT WAS ERROR FOR THE COURT TO SUA SPONTE DISMISS THE CASE."

On July 20, 1990, appellant filed a Notice of Appeal in the Common Pleas Court from the decision of the Delaware County Commissioners denying appellant's petition for annexation of 70.300 acres from Delaware Township to the City of Delaware. The final paragraph in said motion stated:

"This Appeal is filed pursuant to §§2506.01 and 307.56 Ohio Revised Code, on the ground that the decision of the County Commissioners is illegal, arbitrary, caprious, unreasonable, and unsupported by the preponderance of substantial, reliable and probable evidence. The Appeal is on questions of law."

On August 20, 1990, the Common Pleas Court *sua sponte* dismissed appellant's administrative appeal for failure to file a supersedeas bond as required by R.C. §2505.06.

We shall address all of appellant's assignments together for each claim that the trial court erred in its dismissal of the administrative appeal under R.C. §2505.06.

I. II. & III.

R.C. §2505.06 provides:

"Except as provided in section 2505.12 of the Revised Code, *no administrative-related appeal shall be effective as an appeal upon questions of law and fact until the final order appealed is superseded by a bond in the*

*amount* and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed." (Emphasis added).

It is undisputed that appellant did not file a supersedeas bond with its notice of appeal. However, it is appellant's position that where an administrative appeal involves only questions of law a supersedeas bond is not required. We agree.

As indicted from the above underscored provision, R.C. §2505.06 only requires a supersedeas bond when the administrative appeal involves questions of law *and* fact.

Other statutes related to administrative appeals distinguish between appeals on questions of law and appeals on questions of law and fact.

R.C. §2505.01 provides in pertinent part:

"(2) 'Appeal on questions of law' means a review of a cause upon questions of law, including the weight and sufficiency of the evidence.

"(3) 'Appeal on questions of law and fact' or 'appeal on questions of fact' means a rehearing and retrial of a cause upon the law and the facts."

R.C. §2505.05 provides in pertinent part:

"The notice of appeal ... shall designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact...."

The record before us indicates that appellant sought to appeal the administrative decision on questions of law only. Therefore, the Common Pleas Court erred in dismissing that appeal for appellant's failure to file a supersedeas bond pursuant to R.C. §2505.06.

Furthermore, the Common Pleas Court erred in relying on our decision in *Landsittel v. Delaware* (June 29, 1989), Delaware App. No 89-CA-2, unreported, to support its judgment of dismissal. *Landsittel* is distinguishable from this case. There appellants sought a trial *de novo* in an administrative appeal to the trial court and failed to file a supersedeas bond therein.

Accordingly, we reverse the judgment of the Delaware County Court of Common Pleas and remand this cause to that court for further proceedings according to law.

PUTMAN, P.J., and MILLIGAN, J., concur.